**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| LATHAM QUALITY, INC., | ) |
| | ) |
|      Plaintiff, | ) |
| v. | )   Case No. 4:26-cv-00591-MAL |
| | ) |
| BAYER CROPSCIENCE LLC, et al. | ) |
| | ) |
|      Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is Latham Quality's Motion for Leave to File Under Seal.  Doc. 2.  The Motion was filed pursuant to E.D. Mo. Local Rule 13.05(A)(4), which establishes procedures for filing sealed documents.  Doc. 2 at 1.  Latham requests that the Court seal the complaint pending a conference with the Defendant, Bayer, to determine which portions of the complaint Bayer considers to be confidential.  Doc. 2 at ¶ 6.  The Motion for Leave to File Under Seal is unopposed.  *See* Doc. 2; Doc. 30.  Bayer has filed a memorandum in support, outlining the paragraphs they believe must be kept under seal.  Doc. 30.  Because the memorandum in support asks for specific paragraphs to remain under seal indefinitely, it requests different action from the Court, and the Court will construe it as a separate motion.  For the reasons set forth below, the Motion for Leave to File Under Seal, Doc. 2, is GRANTED in part.  The complaint will remain sealed pending the Court's ruling on the Memorandum in Support, Doc. 30.  Latham may, up to 14 days from the date of this order, file a response to the Memorandum in Support. Doc. 30.  If they do so, Bayer may, up to seven days after the response is entered, file a reply.

### DISCUSSION

There is a "common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013).  "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)).  "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and [the] resultant value of such information to those monitoring the federal courts." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

The parties have submitted legal memoranda in support of the motion, and the motion states that the documents sought to be filed under seal contain highly sensitive, non-public business and financial information, specifically pricing information.  *See* Doc. 30.  Latham argues that temporary sealing pending a decision on permanent sealing is necessary to comply with their contractual obligation to keep the information confidential.  Doc. 2 at ¶ 5.  Bayer argues the information must be kept confidential because it contains private financial and strategic information that could be exploited by competitors.  Doc. 30 at 6–7.  The Plaintiff has also filed a copy of the complaint on the public docket that redacts the information Bayer claims is sensitive.  *C.f.* Doc. 30 *with* Doc. 31.  At least while the Court considers the Motion in Support, the Court finds these redactions to be reasonable in scope and limited to only information that is sensitive in nature.

Upon review of the documents at issue, the Court finds that the material the parties move to file under seal is sensitive and the parties' need to maintain confidentiality in the material outweighs the public's right of access.  *See IDT Corp.*, 709 F.3d at 1224 (affirming the district court's decision to seal certain "confidential and competitively sensitive business information"); *LifeScience Techs., LLC v. Mercy Health,* No. 4:21-CV-01279-SEP, 2025 WL 2689195 at *1 (E.D. Mo. Sept. 19, 2025).

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Leave to File Under Seal, Doc. [2], is **GRANTED** in part**.** The complaint will remain sealed pending the Court's ruling on the Memorandum in Support, Doc. 30.  Latham may, up to 14 days from the date of this order, file a response to the Memorandum in Support.  Doc. 30.  If they do so, Bayer may, up to 7 days after the response is entered, file a reply.

Dated this 2nd day of June, 2026.

_Maria A. Lanahan_____
MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE