UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LATHAM QUALITY, INC., on behalf of itself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:26-cv-00591-MAL |
| BAYER AKTIENGESELLSCHAFT, *et al.,* | ) ) | |
| Defendants. | ) ) | Rule 23 Class Action |

**DEFENDANTS BAYER CROPSCIENCE LLC, BAYER CROPSCIENCE LP,
MONSANTO COMPANY, AND CHANNEL BIO LLC'S
MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendants Bayer CropScience LLC, Bayer CropScience LP, Monsanto Company, and

Channel Bio LLC (collectively, "Defendants") respectfully move the Court, pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiff's Complaint (ECF Doc. 1) in

its entirety because it fails to state a claim upon which relief can be granted.

### Background

1. Plaintiff Latham Quality, Inc. and Defendant Monsanto Company are sophisticated

commercial parties that entered into a contract (the Corn Product Licensing Agreement, or

"CPLA") almost 20 years ago under which Latham was granted a license to produce and sell corn

seed containing certain trait technology in exchange for the payment of royalties.

2. Latham accepted the benefits of that contract despite knowing that Monsanto's

patent on one of the licensed traits (NK603, which confers glyphosate resistance) expired in

November 2022. And it continued to pay royalties after expiration of the NK603 patent.

3. However, after Monsanto's successor terminated the CPLA pursuant to its terms in December 2024 due to a change in control at Latham, Latham brought the instant case alleging antitrust and various state law counts. Each of Latham's counts fails to state a claim.

### Group Pleading (All Counts)

4. Latham's Complaint relies on impermissible group pleading that lumps all Defendants together and fails to sufficiently allege who did what. *See In re Crop Inputs Antitrust Litig.*, 172 F.4th 570, 577 (8th Cir. 2026).

5. Latham attempts to allege that Defendants are alter egos of each other or engaged in a group enterprise, but relies only on conclusory allegations that are insufficient to allege a joint venture or grounds for piercing the corporate veil. *See Energizer Brands, LLC v. Proctor & Gamble Co.*, 2016 WL 2894708, at *2 (E.D. Mo. May 18, 2016); *Guidry v. Seven Trails W., LLC*, 2014 WL 4386744, at *11 (E.D. Mo. Sept. 5, 2014).

### Sherman Act Antitrust Claims (Counts 1 and 2)

6. Latham challenges the payment of royalties under the CPLA after the patent on NK603 expired, relying on a non-applicable case, *Brulotte v. Thys Co.*, 379 U.S. 29 (1964). *Brulotte* held that federal patent law pre-empted state contract law but did not hold that post-patent royalties constitute antitrust violations. *Id.* at 32-33.

   a. Further, even if *Brulotte* were relevant to an antitrust claim, it concerned only royalties collected after all applicable patents had expired. *See Kimble v. Marvel Entm't*, 576 U.S. 446, 454 (2015). The products Latham sold under the CPLA, in contrast, incorporated other traits with patents that have not yet expired.

   b. Additionally, the CPLA licenses non-patent rights, such as other intellectual property (trademarks), proprietary biological materials, and know-how, and such agreements are

enforceable despite the expiration of one patent. *See Corteva Agriscience LLC v. Monsanto Co.*, 2024 WL 4197718, at *11 (Del. Super. Sept. 16, 2024) (citing *Kimble*).

7. Latham also alleges that Defendants charged a high price for use of traits while charging a low price for Defendants' own seed. But charging a high price is not an antitrust violation, nor is charging a low price, unless it is below Defendants' cost, which Plaintiff does not allege. *See Concord Boat Corp. v. Brunswick Corp.*, 207 F.3d 1039, 1061 (8th Cir. 2000).

8. Latham additionally challenges a variety of conduct that is permitted by the Patent Act and, thus, cannot serve as the basis for antitrust claims. *See Monsanto v. Scruggs*, 342 F. Supp. 2d 568, 575 (N.D. Miss. 2004), *aff'd* 459 F.3d 1328 (Fed. Cir. 2006); *Monsanto Co. v. McFarling*, 363 F.3d 1336, 1343 (Fed. Cir. 2004); *SCM Corp. v. Xerox Corp.*, 645 F.2d 1195, 1206 (2d Cir. 1981).

9. Latham's challenge to a supposed inability of Defendants' competitors to bring a generic NK603 to market are likewise meritless. Nothing prevents Latham or other market participants from using Defendants' publicly available know-how from the NK603 patent to develop their own, generic seed. *See* 37 C.F.R. § 1.802(b).

a. Nor do Latham's non-conclusory allegations suggest otherwise. Indeed, its allegation that it was able to obtain access to royalty-free NK603 seed not subject to use restrictions confirms that Defendants have not impermissibly blocked generics. *See* Compl. ¶ 12.

b. In any case, Latham fails to allege facts that would support that Defendants are the proximate cause of Plaintiff's alleged inability to obtain "generic" NK603. *See Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 267-69 (1992).

10. Latham also attempts to allege antitrust claims based on Defendants' rebate program ("PPP"). But rebate programs are only anticompetitive when they substantially foreclose

competition. *See Concord Boat*, 207 F.3d at 1059. Latham fails to allege facts showing that the voluntary PPP program did anything to prevent competition.

11. Latham's attempt to allege a tying claim also fails, because it fails to define the allegedly tied product. *See Times-Picayune Publ'g Co. v. United States*, 345 U.S. 594, 614 (1953).

12. Finally, Latham fails to allege a proper relevant market or market or monopoly power to support its antitrust claims based on an alleged "corn seed" market. *See Double D Spotting Serv., Inc. v. Supervalu, Inc.*, 136 F.3d 554, 560 (8th Cir. 1998); *Blades v. Monsanto Co.*, 400 F.3d 562, 571-72 (8th Cir. 2005).

### Robinson-Patman Act Claim (Count 3)

13. Latham's claim under the Robinson-Patman Act fails because a license is not the sale of a "commodity" subject to a claim under that Act. *See* 15 U.S.C. § 13(a); *TV Signal Co. of Aberdeen v. AT&T Co.*, 462 F.2d 1256, 1259 (8th Cir. 1972).

### State-Law Claims Regarding Payment of Royalties (Counts 4, 5 and 6)

14. The Complaint claims breach of the CPLA, but fails to adequately allege any breach of that contract. *See Lucero v. Curators of Univ. of Mo.*, 400 S.W.3d 1, 5, 9 (Mo. App. 2013). In fact, the terms of the CPLA expressly permitted the conduct that Latham alleges was a breach, i.e., the charging of royalties, which additionally precludes the claim. *See GlaxoSmithKline Consumer Healthcare, LP v. ICL Perf. Prods., LP*, 2009 WL 2151190, at *5 (E.D. Mo. July 16, 2009).

15. Latham's reliance on *Brulotte* to support its contract claim is misplaced because Brulotte involved a licensee raising patent misuse as a **defense** against the licensee's enforcement of a contractual royalty provision. Here, by contrast, Defendants have not brought an action to enforce the CPLA. In any case, even if *Brulotte* applied, the CPLA's royalties terms are enforceable as a matter of law.

16. Latham's claim for breach of the duty of good faith and fair dealing regarding payment of royalties fails as a matter of law because the express terms of the contract permitted the challenged conduct, allowing Defendants to set the royalty amount. *See Bishop v. Shelter Mut. Ins. Co.*, 129 S.W.3d 500, 505 (Mo. App. 2004). And Missouri law does not permit a plaintiff to use the implied covenant of good faith to create new contract terms. *See Jennings v. Bd. of Curators of Mo. State Univ.*, 386 S.W.3d 796, 798 (Mo. App. 2012).

17. Latham's unjust enrichment claim based on its payment of royalties after NK603 patent expiration fails because an express contract governs the royalties and because the voluntary payment doctrine bars recovery. *See L&F Brands, Inc. v. Crown Valley Winery, Inc.*, 2020 WL 3447738, at *3 (E.D. Mo. June 24, 2020); *Ballard v. City of Creve Coeur*, 419 S.W.3d 109, 123 (Mo. App. 2013). Further, Defendants' retention of the royalties would not be unjust, since Latham received rights to unexpired patents and other benefits under the CPLA. *See Restored Images Consulting, LLC v. Dr. Vinyl & Assocs., Ltd.*, 2016 WL 4036049, at *13 (W.D. Mo. July 27, 2016).

### State-Law Claims Regarding PPP and Market Funding (Counts 7, 8, 9, 10, 11 and 12)

18. Latham asserts a state law claim for breach of the covenant of good faith and fair dealing based on allegations related to payments under the PPP. Latham, however, fails to allege a contract regarding the PPP, which is a required element of the claim. *See Reitz v. Nationstar Mortg., LLC*, 954 F. Supp. 2d 870, 892 (E.D. Mo. 2013). And, if any contract existed, it permitted the challenged conduct, as the Complaint alleges PPP payments were at Defendants' sole discretion. This further forecloses Latham's claim. *See Bishop*, 129 S.W.3d at 506.

19. Latham also attempts to state a claim for breach of an alleged contract for Defendants to provide market funding to Latham, but it fails to allege definite terms of a contract

- 5 -

or mutual obligations to support such a claim. *See Clark v. Washington Univ.*, 906 S.W.2d 789, 790-92 (Mo. App. 1995).

20. Latham additionally alleges state law claims for promissory estoppel. Those claims fail because they attempt to add obligations that were not included in the parties' contract, and they do not allege a sufficiently definite promise, or a promise at all. *See Clearly Can. Beverage Corp. v. Am. Winery, Inc.*, 257 F.3d 880, 890 (8th Cir. 2001); *Clevenger v. Oliver Ins. Agency, Inc.*, 237 S.W.3d 588, 590 (Mo. banc 2007).

21. Latham's claim for negligent misrepresentation regarding Defendants' alleged failure to provide market funding fails because (1) it does not allege falsity, (2) Latham could not have justifiably relied on the alleged misrepresentation, and, (3) if a contract existed, the economic loss doctrine bars recovery. *See Summer Chase Second Addition Subdivision Homeowners Ass'n v. Taylor-Morley, Inc.*, 146 S.W.3d 411, 418-19 (Mo. App. 2004); *OS33 v. CenturyLink Commc'ns, LLC*, 595 F.3d 812, 819 (8th Cir. 2010).

**State-Law Claims For Alleged Use of Customer Data and Direct Sales (Counts 13 and 14)**

22. Latham also alleges a claim for violation of the Missouri Uniform Trade Secrets Act ("MUTSA"). However, it does not adequately allege either a trade secret or misappropriation. *See Tension Envelope Corp. v. JBM Envelope Co.*, 876 F.3d 1112, 1122 (8th Cir. 2017); *Trone Health Servs., Inc. v. Express Scripts Holding Co.*, 974 F.3d 845, 855-56 (8th Cir. 2020).

23. Finally, Latham alleges tortious interference with business expectancy based on Defendants selling seed to dealers to whom Plaintiff had previously sold. That claim, however, is based on alleged interference with relationships that existed due to that CPLA itself and, thus, cannot serve as the basis for a tortious interference claim. *See Bextermueller v. News Distribs. v. Lee Enters., Inc.*, 2023 WL 2187465, at *3-4 (E.D. Mo. Feb. 23, 2023). It also fails because

Defendants had a legitimate economic interest in competing with Latham for sales to seed dealers and the Complaint does not adequately allege improper means. *See Stehno v. Sprint Spectrum, LP*, 186 S.W.3d 247, 252 (Mo. banc 2006); *Nitro Distrib., Inc. v. Alticor, Inc.*, 2008 WL 11384211, at *12 (W.D. Mo. Feb. 8, 2008).

24. Further, both the tortious interference claim and the MUTSA claim should be dismissed because they seek damages for alleged loss of business, and the CPLA contains a limitation of damages provision that bars such a claim, which is enforceable under Missouri law. *See Purcell Tire & Rubber Co. v. Exec. Beechcraft, Inc.*, 59 S.W.3d 505, 508-09 (Mo. banc 2011).

## Conclusion

For these reasons, and for all reasons explained in detail in Defendants' Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's Class Action Complaint, filed contemporaneously herewith and incorporated herein by reference, the Court should dismiss Plaintiff's Complaint in its entirety.

Dated: July 13, 2026

Respectfully submitted,

THOMPSON COBURN LLP

By */s/ Sharon B. Rosenberg*
    Sharon B. Rosenberg, #54598MO
    One US Bank Plaza
    St. Louis, MO  63101
    P: 314 552 6000
    F: 314 552 7000
    srosenberg@thompsoncoburn.com

    Jonathan I. Gleklen (*pro hac vice* forthcoming)
    Laura S. Shores (*pro hac vice* forthcoming)
    Barbara Wootton (*pro hac vice* forthcoming)
    ARNOLD & PORTER KAYE SCHOLER LLP
    601 Massachusetts Ave., NW
    Washington, DC 20001
    Phone: (202) 942-5000
    jonathan.gleklen@arnoldporter.com
    laura.shores@arnoldporter.com
    barbara.wootton@arnoldporter.com

    *Attorneys for Defendants Bayer CropScience LLC, Bayer CropScience LP, Monsanto Company, and Channel Bio LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2026 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record.

                        */s/ Sharon B. Rosenberg*